UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL MYERS, 96-B-2292,

                              Plaintiff,

                                                              **DECISION AND ORDER**
        v.                                                    06-CV-850A

COMMISSIONER GLENN S. GOORD, et al.,

                              Defendants.

_____

        This prisoner civil rights case comes before the Court on a motion by defendant

Glenn S. Goord ("defendant"), the retired Commissioner of the New York State

Department of Correctional Services ("DOCS"), for summary judgment dismissing him

from the case in both his official and individual capacities.  Defendant asserts Eleventh

Amendment sovereign immunity and a lack of personal involvement as grounds for

granting summary judgment.  In his papers in opposition to summary judgment, plaintiff

admits that defendant "was never directly involved with my case," but claims that

defendant nonetheless "knew of certain things" that result in liability on his part.  For the

reasons below, defendant's motion is granted.

        The first allegation against defendant in plaintiff's Second Amended Complaint

fails because it does not establish any personal connection to defendant.  Of all the

allegations in plaintiff's Second Amended Complaint, only the eighth cause of action

names defendant and has anything to do with him.  That cause of action contains six

different allegations.  Of these six allegations, the first allegation is a broad allegation

accusing defendant of failing to investigate assorted acts of wrongdoing that plaintiff

allegedly experienced at his state prison.  Notably, before the transfer of this case to this District, Magistrate Judge David Peebles and Chief Judge Frederick Scullin Jr. of the Northern District of New York reviewed the substance of this allegation.  In a Report and Recommendation dated February 14, 2005 and an Order addressing the Report and Recommendation dated April 29, 2005, Judge Peebles and Chief Judge Scullin narrowly denied a motion to dismiss that defendant had brought before them.  The only basis for denial, and for the granting of a second opportunity to amend the complaint, was plaintiff's new allegation in his papers opposing the motion that defendant knew in advance that certain inmate beatings would occur, including a beating of plaintiff.  Plaintiff's Second Amended Complaint, however, makes no mention of advance knowledge (and thus tacit approval) of prison misconduct by defendant.  In the first allegation of the eighth cause of action, plaintiff's Second Amended Complaint returns to a general accusation that defendant failed to investigate certain matters.  Further, plaintiff admits in his papers opposing the pending motion that defendant "was never directly involved with my case."  As a result, plaintiff has returned himself to the situation that Judge Peebles and Chief Judge Scullin considered before plaintiff's new allegation—he has alleged that defendant is liable simply because defendant's name was at the top of the DOCS bureaucracy.  Cf. Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a prison superintendent] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983.") (citations omitted).  The first allegation in the eighth cause of action thus cannot survive summary judgment.

The second allegation in the eighth cause of action in plaintiff's Second Amended Complaint fails because plaintiff lacks standing to make it. In the second allegation, plaintiff accuses defendant of failing to investigate unspecified "beatings and murders" of other inmates that came to plaintiff's attention through unspecified hearsay conversations. Even if this hearsay were true, plaintiff has not put forth any information explaining why he would have standing to seek relief for damages that he has not sustained. Plaintiff's second allegation thus is dismissed.

The remaining allegations in the eighth cause of action in plaintiff's Second Amended Complaint fail because plaintiff has not demonstrated an exhaustion of available administrative remedies. The remaining allegations concern miscellaneous disputes that plaintiff claims to have had regarding his living conditions. Plaintiff states in conclusory fashion that various grievances of his have been ignored. Plaintiff does not specify, though, that he followed the procedures of the state's Inmate Grievance Program, 7 N.Y.C.R.R. § 701.5, for the particular events described in the remaining allegations of the eighth cause of action. Consequently, plaintiff has failed to plead, for his remaining allegations, the exhaustion of administrative remedies necessary under the Prison Litigation Reform Act of 1995. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Porter v. Nussle, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks relief not available in grievance proceedings, notably money

damages, exhaustion is a prerequisite to suit.") (citations omitted).  The Court therefore dismisses the third through sixth allegations set forth in the eighth cause of action in the Second Amended Complaint.

As a result of the above analysis, the Court dismisses the eighth cause of action in the Second Amended Complaint, and thus dismisses defendant from this case with prejudice.  Additionally, the Affirmation of Service attached to the Second Amended Complaint, dated June 1, 2005, indicates that no other named defendants ever were served.  Because the Second Amended Complaint never was served on any defendant other than Mr. Goord, who now is dismissed from the case, this Court lacks jurisdiction over the case.  The Court accordingly dismisses the Second Amended Complaint as against all other named defendants with prejudice, and directs the Clerk of the Court to take the steps necessary to close this case.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  April 29, 2009